1
2
3
4
5

Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

6
7

Attorney for Plaintiff and Putative Class

8
9
10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERT LAKE ELSINORE, LLC d/b/a LEMONADE<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

19
20
21
22
23
24
25
26
27
28

Plaintiff Asher Bronstin ("Mr. Bronstin"), by his undersigned counsel, for this class action complaint against Vert Lake Elsinore, LLC d/b/a Lemonade ("Defendant" or "Lemonade") and their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, allege as follows:

# I.  INTRODUCTION

1.    <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of

- 2 -
COMPL.
*Bronstin v. Vert Lake Elsinore, LLC d/b/a Lemonade*

this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.    Plaintiff, individually and as class representatives for all others similarly situated, brings this action against Lemonade for making telemarketing calls to numbers on the National Do Not Call Registry, including his own.

4.    Furthermore, the Plaintiff received those calls after repeatedly asking to no longer receive contact and also seeks to represent a class of such individuals.

5.    Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.     PARTIES

6.  Plaintiff is an individual.

7.  Defendant Vert Lake Elsinore, LLC d/b/a Lemonade is a California limited liability company.

## III.     JURISDICTION AND VENUE

8.  <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff' TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

9.  <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant because they are headquartered in this District.

10. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—occurred from this District.

## IV.     FACTS

### A.     The Enactment of the TCPA and its Regulations

11.     § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers'

- 4 -
COMPL.
*Bronstin v. Vert Lake Elsinore, LLC d/b/a Lemonade*

privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

13.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id.*

14.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.    Defendant's Unsolicited Telemarketing to Plaintiff**

15.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16.    Plaintiff's residential telephone number is (714) 709-XXXX.

17.    That number has been on the National Do Not Call Registry since February of 2019 and it has not been removed from the Registry since that time.

18.     Mr. Bronstin uses the number for personal, residential, and household reasons.

19.     Mr. Bronstin never consented to receive calls from the Defendant.

20.     Despite this, the Defendant sent him multiple telemarketing text messages.

21.     Some of the text messages are below:





COMPL.
*Bronstin v. Vert Lake Elsinore, LLC d/b/a Lemonade*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



22.    The messages began in March of 2022 and continued throughout 2022.

23.    This was despite the fact that the Plaintiff requested that the messages stop on at least 4 STOP messages.

24.    These stop messages included multiple before May of 2022, another one on July 11, 2022 and another on July 16, 2022.

25.    Despite that, the Defendant continued to send messages to the Plaintiff.

- 8 -
COMPL.
*Bronstin v. Vert Lake Elsinore, LLC d/b/a Lemonade*

26.    The Plaintiff wrote to the Defendant prior to filing this action.

27.    The Defendant did not deny making the telemarketing calls.

28.    The telemarketing alleged herein: (A) invaded Plaintiff's privacy and solitude; (B) wasted Plaintiff's time; (C) annoyed Plaintiff; (D) tied up Plaintiff' phone line; and (E) harassed Plaintiff.

## V.    CLASS ACTION ALLEGATIONS

29.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

30.    Plaintiff brings this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

31.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

> **Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) placed (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the call,

(4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

32.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes.

33.     Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

34.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

35.     This Class Action Complaint seeks injunctive relief and money damages.

36.     The Classes, as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

37.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the

hundreds as the text messages were sent in a generic fashion from a series of different telephone numbers.

38.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

39.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

40.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

41.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

        b.    Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

        c.    whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal DNC Class; and

        d.    Whether Defendant's conduct constitutes a violation of the TCPA;

42.    Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes because the Plaintiff has no interests which are antagonistic to any member of the Classes.

43.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

44.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

45.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

46.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

47.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute

numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

48. Defendant's violations were negligent, willful, or knowing.

49. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

50. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the Internal Do Not Call Registry Class)**

51. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

52.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

53.     Defendant's violations were negligent, willful, or knowing.

54.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Certification of the proposed Class;

B.      Appointment of Plaintiff as representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E.      An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

F.      An award to Plaintiff and the Class of damages, as allowed by law; and

G.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI.      DEMAND FOR JURY

Plaintiff demand a trial by jury for all issues so triable.

## VII.    SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from each of its other signatories.


RESPECTFULLY SUBMITTED AND DATED this 19th day of September, 2023.


By: */s/ Dana J. Oliver*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Anthony I. Paronich, *Pro Hac Vice*
*Forthcoming*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

*Attorneys for Plaintiff and the Proposed*
*Classes*